UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL HAYNES,<br>        Plaintiff,<br>    v.<br>COSTCO WHOLESALE CORPORATION,<br>        Defendant. | Case No. 25-cv-04234-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

This Court orders Defendant Costco Wholesale Corporation to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The removing party has the burden of establishing that removal is proper. *Lindley Contours LLC v. AAAB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

Here, Costco alleges that this Court has diversity jurisdiction. As such, Costco must provide sufficient evidence to show by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118,

1121–22 (9th Cir. 2013) (stating that when a state-court complaint does not clearly plead the minimum amount in controversy, the "removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold"). Costco only alleges in its Notice of Removal that the amount in controversy threshold is satisfied because "Plaintiff's counsel is unwilling to stipulate that the amount in controversy does not exceed $75,000." ECF 1 at 3. However, "attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal" since a defect in subject matter jurisdiction cannot be stipulated to or waived. *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998). Thus, Plaintiff Haynes's refusal to stipulate is irrelevant in determining the amount in controversy. Costco does not provide any other facts or arguments to support its contention that the amount in controversy in this case exceeds $75,000. The Court therefore cannot find that it has diversity jurisdiction.

Accordingly, Defendant Costco must show cause in writing by June 5, 2025, why this case should not be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 22, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2